IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANIEL BANKS a/k/a DANNY BANKS                                    PETITIONER

VS.                                        CIVIL ACTION NO 5:11cv116-DPJ-FKB

RONALD KING                                                       RESPONDENT


**REPORT AND RECOMMENDATION**

Daniel Banks was convicted of aggravated assault in the Circuit Court of Yazoo County, Mississippi.  His conviction and sentence were affirmed on appeal.  Presently before the Court is his petition for a writ of habeas corpus.  Having considered the petition and supporting memorandum, response, traverse, and the state court record, the undersigned recommends that habeas relief be denied.

## I. FACTS AND PROCEDURAL HISTORY

Banks's conviction arises out of an incident that occurred on May 15, 2007, in Yazoo City at the home of his mother, Martha Banks.  Living next door to Ms. Banks was George Palmer, along with his girlfriend, Adlean Johnson.  On the morning of May 15, Palmer and Johnson argued, and Palmer threw Johnson and her belongings out of the home.  Johnson then went next door, where several persons, including Banks, were gathered in the yard.  Johnson and Banks went inside of Ms. Banks's home.  Meanwhile Palmer came over looking for Johnson and found her in bed with Banks.  Palmer initially returned to his home and went inside.  Later, however, he came out and began yelling over to Banks and Banks's girlfriend, who was in the yard with Banks.  Palmer essentially told Banks that Banks had a lot of nerve inviting his own girlfriend to come over after he

had just gone to bed with Palmer's girlfriend.  An altercation ensued, and Palmer

sustained a stab wound to the stomach.  No witness saw Banks stab Palmer with a knife.

Palmer testified that Banks came toward him, he realized he had been stabbed, and that

he then saw Banks with a knife, coming toward him again.  Palmer passed out shortly

thereafter.  Johnson's testimony was that after the stabbing, she saw Banks with a knife

and saw Banks's mother washing it.   Kenny Langston, who was in Ms. Banks's yard at

the time, saw Banks "punch" Palmer in the stomach and then saw Banks holding a bloody

knife.

Officer Jason Bright responded to the crime scene and found Palmer lying in the

doorway of his home.  Bright called for assistance, and Palmer was taken by ambulance

to the hospital.   After talking to witnesses, Bright began looking for Banks, who was no

longer at the scene.  Officers later found Banks at another address, hiding under a

mattress in a back room.

Around 10:00 p.m. that evening, Bright received a call from Martha Banks.  Ms.

Banks told him that a woman at her home was claiming that she, not Banks, had stabbed

Palmer.  Upon returning to the scene, Bright found Johnson, who was intoxicated.

Johnson told Bright she had stabbed Palmer and had thrown the knife in the river.   Bright

took Johnson to the jail and placed her in investigative detention.

The only defense witness to testify was Martha Banks.  Ms. Banks described a

history of altercations between Johnson and Palmer.  According to Ms. Banks, on the day

in question, Palmer was drunk and threw Johnson's personal effects out of the trailer.

After the police arrived, Ms. Banks heard Johnson tell the police that she had stabbed

Palmer and thrown the knife in the river and that she wished she had killed him.

Banks was tried and convicted of aggravated assault, and the court sentenced him as a habitual offender to a term of twenty years.  The Mississippi Court of Appeals affirmed.  *Banks v. State*, 45 So. 3d 676 (Miss. Ct. App. 2010).

In his § 2254 petition, Anderson raises five grounds for relief:

1.   The trial court erred in denying Banks's theory-of-the-case instruction.

2.   The trial court erred in refusing to allow Banks to impeach the complaining witness with evidence of bias toward Banks.

3.   The trial court should have granted a mistrial after references were made to Banks's criminal history.

4.   The trial court should have declared a mistrial after the prosecutor argued that Banks had no defense to the charge.

5.   The cumulative effect of errors resulted in a denial of a fair and impartial trial.

## II.  ANALYSIS

All of the claims asserted in Banks's petition were adjudicated on the merits by the Mississippi Court of Appeals.  They are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Banks's claims involved "an unreasonable application of . . . clearly established Federal law . . .  as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court.  *Id.*  The Supreme Court has repeatedly emphasized that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 599 U.S. 766,

3

773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.  Rather, the application must be not only incorrect, but also "objectively unreasonable." *Williams*, 529 U.S. at 409.  Habeas relief may be granted only if "there is no possibility fairminded jurists could disagree" that the state court's decision conflicts with Supreme Court law.  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

*Theory-of-the-case Instruction.*   In ground one, Banks contends that he is entitled to relief because of the trial court's failure to instruct the jury on his theory of the case.  At trial, Banks requested that the court give the following instruction:  "Daniel Banks's theory of the case is that Adlean Johnson stabbed George Palmer with a knife and threw the knife in the river and told officer [sic] they arrested the wrong man and if you so find you must find Daniel Banks not guilty."  The trial judge refused the instruction, concluding that it commented on the evidence.  The court of appeals agreed, noting also that the instruction on aggravated assault given by the court fairly covered the substantive elements of the crime.

Challenges to jury instructions in state criminal trials generally do not provide a basis for habeas relief.  *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir.2002) (citing *Estelle v. McGuire,* 502 U.S. 62, 71-72 (1991)).   Where a state prisoner challenges the giving of an erroneous  instruction, habeas review is limited to a determination of whether the instruction "so infected the entire trial that the resulting conviction violates due

process." *Estelle,* 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The Fifth Circuit has indicated that this same standard applies where a petitioner challenges the refusal of instruction. *See Galvan*, 293 F.3d at 765.

Banks has failed to establish that the trial court erred in any manner in refusing the instruction, much less that the refusal amounted to a denial of due process. As the state appellate court observed, the trial court gave an instruction that included all of the elements of the crime of aggravated assault. The state appellate court's denial of this claim was objectively reasonable. Accordingly, no relief is available.

*Impeachment for Bias.* During the defense's cross-examination of Martha Banks, the following exchange occurred:

> Q:    Now, George–has George ever said anything to you about Danny prior to this incident?
>
> A:    Yeah, he told me he hated my son.

Docket no. 9-3 at 93. The state objected on the basis of hearsay. Defense counsel explained that the proposed testimony would be elicited for impeachment purposes, but the court nevertheless sustained the objection. In ground two of his petition, Banks contends that the trial court erred in excluding the testimony.

A state court's evidentiary ruling provides a basis for habeas relief only if the ruling violates a specific constitutional right or renders the trial fundamentally unfair. *Johnson v. Puckett*, 176 F.3d 809, 820 (1999). Even if an evidentiary ruling violates the constitution, a habeas petitioner must go on to show actual prejudice, *i.e.*, that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The Mississippi Court of Appeals found that the

5

proposed testimony was proper and should not have been excluded.   However, the court,

citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986), concluded that no relief was

available because the error was harmless.  In finding that Banks had not been prejudiced

by the error, the appellate court noted that the prosecution's case had not been solely

dependent upon Palmer's credibility and that there had been ample additional evidence to

support the conviction, particularly the other witnesses' testimony regarding Banks's

altercation with Palmer, the bloody knife in Banks's hand, and Banks's attempts to evade

law enforcement.  The undersigned agrees that given the evidence against Banks, the

exclusion of Ms. Banks's testimony regarding Palmer's feelings toward Banks did not

have a substantial and injurious effect on the verdict.  This claim is without merit.

    *Reference to Banks's Criminal History*.  Banks argues in ground three of his

petition that the trial court erred in refusing to grant a mistrial after a witness mentioned

that Banks had a prior criminal record.  During direct examination of Aldean Johnson, the

prosecutor asked Johnson why she initially confessed to the crime.  Johnson responded

as follows:

> Because I was, one thing, mad with George for throwing my stuff out in the yard.
> And I really didn't want Danny to get, I knew he had a prior record, and I didn't want
> him to get in deeper trouble.

Docket no. 9-2 at 132.  The defense objected, moved to strike, and requested a mistrial.

The trial court instructed the jury to disregard the statement and denied the motion for

mistrial.  On appeal, the state court held that the trial court's instruction of the jury to

disregard the statement was sufficient to cure any error and that the denial of the motion

for mistrial was not an abuse of discretion.   This ruling by the state appellate court did not

6

involve an unreasonable application of clearly established federal law.  Banks is not

entitled to habeas relief on ground three.

*Prosecutor's Statements.*  In ground four of his petition, Banks alleges that a

statement by the prosecutor denied him a fair trial.  The comment referred to by Banks

occurred during the prosecutor's closing argument following his discussion of the

testimony of Adlean Johnson:

> [Defense counsel] even tried to make her memory bad.  Telling her, "Well, you
> know, you don't remember because you have been doing all of this drinking."  And
> she said, "I don't remember, I didn't remember when I wasn't drinking some things I
> did and said."  And I don't!  I got up this morning to put a suit on. . . .  I couldn't
> remember if I had worn it previously.  I couldn't remember if I had worn it earlier
> this week.  I didn't know.  I asked my wife, "What did I have on, Baby?"  Hey, that's
> life.  But he wants to demonize [Johnson] because she had a drinking problem.
> But that's - use your common sense.  They don't have a defense in this.  First, they
> came out saying he was gone.  "Danny was gone.  He wasn't there."  But that
> didn't work because . . .

Docket no. 9-3 at 138-39.  At this point defense objected and moved for a mistrial.  The

trial court sustained the objection, told the jury to disregard the statements, and denied

the motion for a mistrial.

Banks's theory is that the prosecutor's statement that he had no defense

improperly shifted the burden of proof and was a comment on Banks's decision not to

testify.  In rejecting this claim, the court of appeals focused primarily upon Banks's

characterization of the statement as a comment upon his refusal to testify, *i.e.*, *Griffin*

error.[1]  The court found that the statement could not reasonably be construed as a

comment on Banks's failure to testify and that, in any event, there was no prejudice

because of the court's instruction that the jury disregard the statement.

---

[1]*Griffin v. California,* 380 U.S. 609 (1965).

7

Analysis of a habeas claim under 2254(d) based upon an allegation of *Griffin* error begins with consideration of "whether fairminded jurists could disagree that a *Griffin* error occurred." *Gongora v. Thaler*, 710 F.3d 267, 274 (5th Cir. 2013) (citing *Harrington,* 131 S.Ct. at 786). A fairminded jurist could conclude that the prosecutor's statement was not a comment on Banks's refusal to testify but was, instead, a general comment on the strength of the prosecution's case. Furthermore, even if Banks could pass the first hurdle, he must still show that the *Griffin* error had a "substantial and injurious effort or influence in determining the jury's verdict." *Davis v. Quarterman*, 237 Fed. Appx. 903, 908 (5th Cir. 2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993)). Banks can make no such showing, given the overwhelming evidence against him. This ground for relief is without merit.

Neither is there any merit to Banks's contention that this statement improperly shifted the burden of proof. The prosecutor's remarks concerned the strength of the evidence against Banks, not the burden of proof. Furthermore, the jury was clearly instructed as to the prosecution's burden.

In his petition, supporting memorandum, and traverse, Banks makes several more general complaints about the prosecutor's statements during closing argument. To the extent that Banks is attempting to assert additional prosecutorial misconduct claims, those claims would be barred pursuant to *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995)*,* as they were never raised in state court and would now be procedurally barred. Furthermore, the undersigned has carefully reviewed these additional allegations and concludes that they are wholly without merit.

8

*Cumulative Error.*  In ground five, Banks seeks relief based upon cumulative error. A writ of habeas corpus may be granted for cumulative error only where the errors are of constitutional dimensions, were not procedurally defaulted, and "so infected the entire trial that the resulting conviction violates due process."  *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992).  Because there is no constitutional merit to any of Banks's claims, there is nothing to cumulate.  The state court's rejection of this ground was objectively reasonable, and no relief is warranted.

## III.  CONCLUSION

For the reasons stated herein, the undersigned concludes that Banks is not entitled to habeas relief and recommends that the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of November, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE